IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16-cv-00173-RLV
(5:06-cr-00030-RLV-DSC-6)

| | |
|---|---|
| DEMOND TERRELL HARRISON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on consideration of Petitioner's Motion to Vacate, Set Aside or Correct Sentence which he filed pursuant to 28 U.S.C. § 2255, and the Government's Response in support of the Motion to Vacate. For the reasons that follow, Petitioner's § 2255 Motion to Vacate will be granted in part.

I. BACKGROUND

On March 3, 2008, Petitioner pleaded guilty pursuant to a written plea agreement to one count of conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1).[1] In Petitioner's s presentence report (PSR), the probation officer concluded that he qualified as a career offender under USSG § 4B1.1 (2007), based on two or more qualifying drug offenses which gave him a base offense level of 37, and after adjusting for acceptance of responsibility, and considering his criminal history category of VI, Petitioner faced a Guidelines range of 262 to 327-months' imprisonment.[2] However, because of Petitioner's prior

---

[1] Prior to the entry of his guilty plea, the Government filed notice of its intent to seek enhanced penalties pursuant to 21 U.S.C § 851 based on six state drug felonies. (5:06-cr-00030, Doc. No. 108).
[2] Petitioner's criminal history points also qualified him for a criminal history category of VI.

1

drug convictions, Petitioner faced a mandatory term of life imprisonment and his Guidelines range therefore became life. See 21 U.S.C. § 841(b)(1)(A); USSG § 5G1.1(c)(2).

Prior to sentencing, the Government filed a motion for a downward departure pursuant to § 5K1 and 18 U.S.C. § 3553(e). During the sentencing hearing, the Court granted the motion and Petitioner was sentenced to a term of 140-months in prison and a five-year term of supervised release. On October 17, 2008, the Court entered judgment and he did not appeal. (Doc. No. 209).

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

In his motion for collateral relief, Petitioner argues that he no longer has the qualifying drug offenses to subject him to an enhanced sentence, basing his argument on the holding in the United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc).

In Simmons, the Fourth Circuit held that in order for a prior felony conviction to serve as a predicate offense, the individual defendant must have been convicted of an offense for which *that* defendant could be sentenced to a term exceeding one year. Simmons, 649 F.3d at 243 (emphasis added). In reaching this holding, the Simmons Court expressly overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005), which held that in determining "whether a

2

conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." Id. (quoting Harp, 406 F.3d at 246) (emphasis omitted).[3]

Petitioner's presentence report identified the six felony drug convictions that were detailed in the § 851 notice filed by the Government. Prior to Simmons, Petitioner would have faced a mandatory term of life imprisonment because each of those convictions would subject someone with the worst possible record to more than one year in prison. However, now it appears that only one of his prior convictions qualifies post-Simmons and that is the conviction for selling cocaine that Petitioner sustained in Iredell County Superior Court, and for which he was sentenced to a term of 12-15 months. (5:06-cr-00030, Doc. No. 188: PSR ¶ 54).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides, in relevant part, that a petitioner has one year from the date his judgment becomes final to file a petition for collateral relief. 28 U.S.C. § 2255(f)(1). Petitioner's judgment became final ten days after its entry which is October 27, 2008; therefore his § 2255 motion is untimely as it was not filed until September 28, 2016.[4] However, the Government has waived any reliance on the defense of the statute of limitations and agrees that Petitioner is entitled to be resentenced because he no longer has more than one felony drug conviction, thus he is no longer subject to a mandatory-minimum term of imprisonment. (5:16-cv-00173, Doc. No. 5: Government's Response at 3-4). See Wood v. Milyard, 132 S. Ct. 1826, 1834 (2012) (finding abuse of discretion in ignoring deliberate

---

[3] In Miller v. United States, the Fourth Circuit held that the Simmons holding was retroactive to cases on collateral review. 735 F.3d 141, 147 (4th Cir. 2013).
[4] The Federal Rules of Appellate Procedure were amended in 2009, to extend the time file an appeal in a criminal case to fourteen days. The rule became effective December 1, 2009.

waiver of limitation defense).

The Court finds that following Simmons, Petitioner only has one qualifying, felony drug conviction. Consequently, Petitioner is not subject to an enhanced sentence. Petitioner contends that he has already served more time than he would have been subjected to without the benefit of the Simmons holding, and that he should be entitled to immediate release. The Government does not oppose immediate release. (Government's Response at 6)

IV. CONCLUSION

Based on the foregoing, the Court finds that Petitioner's § 2255 Motion to Vacate his sentence should be granted in part, and that is entitled to immediate release.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's § 2255 Motion to Vacate his sentence is **GRANTED in part**. (Doc. No. 1).

2. Petitioner's sentence is **AMENDED** to a term of time served. Petitioner's Judgment shall remain in full force and effect in all other respects. (5:06-cr-00030-RLV-6, Doc. No. 209: Judgment).

3. Petitioner's Motion to Seal his § 2255 Motion to Vacate is **GRANTED**. (Doc. No. 2).

4. The Federal Bureau of Prisons is **DIRECTED** to release Petitioner within ten (10) days from receipt of this order.

5. The Clerk of Court is directed to certify copies of this Order to Petitioner's counsel, the U.S. Attorney, the U.S. Marshals Service, the Federal Bureau of Prisons, and the U.S. Probation Office.

The Clerk is respectfully directed to close this civil case.

**SO ORDERED.**

Signed: November 14, 2016

*Richard L. Voorhees*
Richard L. Voorhees
United States District Judge